IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERRY BLANEY, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:14-cv-2503-K-BN |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jerry Blaney filed a civil rights complaint in *Blaney v. Ovard, et al.*, No. 3:14-cv-2219-K-BN. In addition to civil rights claims, petitioner contends that his state conviction in Cause No. F0500065 was unlawful and alleges that this resulted in his "kidnapping." The Court construed the civil rights complaint as also raising habeas corpus claims, the habeas corpus claims were severed, and this 28 U.S.C. § 2254 habeas case was opened. *See* Dkt. No. 1.

Petitioner was ordered to file an amended petition presenting factual support for his habeas corpus claims. *See* Dkt. No. 5. Petitioner was informed that, if he did not wish to pursue federal habeas relief, he should file a notice of dismissal and that this case would be dismissed. *See id.* Petitioner was notified that if he failed to comply with the order, the petition could be dismissed. *See id.*

The time to comply with the order has passed, *see* Dkt. No. 5, and Petitioner, despite filing several documents, has not filed an amended petition. Therefore, the petition should be dismissed for failure to comply with this Court's order. *See* FED. R. CIV. P. 41(b); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) ("A district court may dismiss an action sua sponte under Fed.R.Civ.P. 41(b) for failure to comply with a court order."). Additionally, the habeas corpus petition should be dismissed as successive and as barred by the statute of limitations.

## Background[1]

In Cause No. F-0500065-P, the 203rd Judicial District Court of Dallas County, Texas, a jury convicted petitioner of aggravated sexual assault of a child, and, on July 18, 2008, he received a life sentence. The conviction was affirmed on direct appeal. *See Blaney v. State*, No. 05-08-1049-CR (Tex. App. – Dallas, Jan. 12, 2011, no pet.). As set out in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge in petitioner's previous habeas corpus case challenging the same conviction and sentence, *Blaney v. Thaler*, No. 3:13-cv-1401-L (N.D. Tex.) (Dkt. No. 36 at 1), petitioner filed two unsuccessful motions for leave to file a state habeas corpus application in the Texas Court of Criminal Appeals while his direct appeal was pending. Petitioner filed eight federal habeas corpus petitions, which were dismissed for failure to exhaust. *See*

---

[1] State court records regarding the state conviction were filed in *Blaney v. Thaler*, No. 3:13-cv-1401-L (N.D. Tex.).

*id.* at 1-2. Petitioner then filed a state habeas corpus application on April 25, 2012, at the earliest, and it was denied. *See id.* at 2, 4. Petitioner then filed a federal habeas corpus petition no earlier than March 4, 2013. *See id.* at 2. The federal habeas corpus petition was dismissed as barred by the statute of limitations. *See Blaney v. Thaler*, No. 3:13-cv-1401-L (Dkt Nos. 36, 38 & 39).

In this case, petitioner filed the civil rights complaint, which has been construed as a Section 2254 habeas corpus petition, no earlier than May 8, 2014, the date on which petitioner states that he signed the original complaint. *See* Dkt. No. 4 at 7.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

  (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations. *See* 28 U.S.C. § 2244(b).

AEDPA also establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 petition. Petitioner must obtain such an order before another application for post-conviction relief may be filed. Rather than transferring the civil rights complaint construed as a Section § 2254 habeas application to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner), the petition, all pending motions, and this case should be dismissed for failure to comply with this Court's order, the petition should be dismissed as successive, and the petition should be dismissed as barred by the statute of limitations for the reasons his previous Section 2254 petition in No. 3:13-cv-1401-L was barred by the statute of limitations.

## Recommendation

Petitioner's habeas corpus petition and this case should be dismissed for failure to comply with this Court's order, as successive, and as barred by the statute of limitations. All pending motions should be denied based on this dismissal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE